Shawn CHANDLER, John Bryant, Plaintiffs–Counter–Defendants– Appellants,

v.

Steve STOUTE and Arnell Group Inc, Defendant–Appellee,

Reebok Int'l Ltd., Defendant– Counterclaimant– Appellee,

**28**

Pass Entertainment LLC, Peter Arnell, **Defendants.**

Nos. 05–4796–cv(L), 05–6447–cv(CON).

United States Court of Appeals, Second Circuit.

April 4, 2007.

Edward J. Bardelli, Warner Norcross & Judd, LLP, Grand Rapids, MI, for Plaintiffs–Appellants.

David C. Burger, Robinson Brog Leinwand Greene Genovese & Gluck P.C., New York, NY, for Defendant–Appellee Steve Stoute.

Fredric S. Newman, Hoguet Newman & Regal, LLP, New York, N.Y. (Edward P. Boyle, on brief), for Defendants–Appellees Reebok International Ltd. and Arnell Group, Inc.

Present: Hon. WALKER, Hon. ROBERT D. SACK, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Plaintiffs-appellants Shawn Chandler and John Bryant appeal a judgment of the District Court granting summary judgment against them and dismissing their claims. They also appeal an order of the district court granting defendant-appellee Steve Stoute attorneys' fees and costs in the amount of $7,392.00 and another order granting defendant-appellee Arnell Group, Inc. ("Arnell") and defendant-appellee Reebok International, Ltd. ("Reebok") attorneys' fees and costs in the amount of $17,983.20 with interest.

. Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues.

Finding there to be no genuine issues of material fact existing in this case, we affirm the summary judgment granted by the district court.

However, upon review of the record we do not agree with the district court that the plaintiffs' copyright infringement claim was objectively unreasonable. *See Fogerty v. Fantasy,* 510 U.S. 517, 534 n. 19, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994) (suggesting several non exclusive factors, including objective unreasonableness, that courts should consider in making awards of attorneys' fees to a prevailing party). We therefore reverse the attorneys' fees

and costs awarded pursuant to 17 U.S.C. § 505.[1]

Further, we deny the additional attorneys' fees requested by Reebok and Arnell arising from this appeal.

Accordingly, for the reasons set forth above, the judgment of the district court is hereby AFFIRMED in part and REVERSED in part.

1. Our review of the record suggests that the district court's full award of $7,392.00 to Stoute and $14,201.19 of the award to Reebok and Arnell were pursuant to 17 U.S.C. § 505.